**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4957**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KEVIN A. BROWN,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:10-cr-00275-JRS-1)

———————————

Submitted:  April 23, 2012         Decided:  May 31, 2012

———————————

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin A. Brown entered a conditional guilty plea, Fed. R. Crim. P. 11(a)(2), to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Brown preserved his right to appeal the district court's order denying his motion to suppress evidence found during a search of a hotel room, as well as his subsequent incriminating statement. We affirm.

When considering the denial of a motion to suppress, we review a district court's legal conclusions de novo, and its factual findings for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). The evidence is construed in the light most favorable to the Government, the prevailing party below. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). We exercise our discretion to affirm for any reason appearing in the record. Because we find the evidence was admissible pursuant to the good-faith exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897 (1984) ("good-faith exception"), we need not address Brown's challenge to the search warrant. United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009).

Pursuant to the good-faith exception, when an officer acts "with objective good faith within the scope of a search warrant issued by a magistrate," suppression of the evidence

2

obtained in the search does not serve the exclusionary rule's deterrence objective, as the officer has attempted to comport with the law. United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). Therefore, "evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was objectively reasonable." Id. (internal quotation marks omitted). "Usually, a warrant issued by a magistrate suffices to establish that a law enforcement officer has acted in good faith in conducting the search." United States v. Doyle, 650 F.3d 460, 467 (4th Cir. 2011) (internal quotation marks and alteration omitted).

However, an officer's reliance on a warrant is not objectively reasonable if: (1) the magistrate was misled by information in an affidavit that the affiant knew or would have known was false but for his reckless disregard of the truth; (2) the magistrate abandoned the role of a detached and neutral decision maker; (3) the affidavit supporting the warrant is so lacking in indicia of probable cause as to render the officer's belief in its existence totally unreasonable; or (4) the warrant is so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. Id. at 467-70.

On appeal, Brown focuses on the third scenario. (Appellant's Br. at 14-16). To support his contention, Brown suggests that the facts of his case are similar to those we considered in United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996), where we found unreasonable an officer's reliance on a warrant due to the "bare bones nature of the affidavit." Id. at 121 (internal quotation marks omitted). A "bare bones" affidavit is "one that contains wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." United States v. DeQuasie, 373 F.3d 509, 521 (4th Cir. 2004) (internal quotation marks omitted).

Because we may look outside the four corners of a supporting affidavit in determining whether an officer's reliance on the resulting warrant was objectively reasonable, we find Brown's reliance on Wilhelm unavailing. United States v. McKenzie-Gude, 671 F.3d 452, 459 (4th Cir. 2011). We may consider information conveyed to the magistrate but not contained in the affidavit as well as uncontroverted facts known to the officer but inadvertently not presented to the magistrate. Id. at 460-61.

Here, the information in the affidavit supporting the warrant, considered in conjunction with the information the affiant officer disclosed to the issuing magistrate but did not

4

include in his affidavit, was more than sufficient to justify an objectively reasonable officer's belief in the existence of probable cause. First, an informant's tip indicated that Brown was selling cocaine base from the hotel room in question. The tip was partially corroborated by the affiant officer's independent investigation and was provided in person by a source who had proven reliable in previous investigations, thus supporting a reasonable belief in the tip's veracity. See Perez, 393 F.3d at 462; United States v. Bynum, 293 F.3d 192, 197 (4th Cir. 2002); Wilhelm, 80 F.3d at 122; United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993). Unlike in Wilhelm, here there is no indication that the officer attempted to imbue the informant's tip with unmerited credibility. Wilhelm, 80 F.3d at 123.

Moreover, the officer indicated that he had observed Brown engaging in conduct consistent with the sale of narcotics while Brown was frequenting the hotel room in question. Although the conduct described was not plainly criminal in nature, even objectively innocent activity may become suspicious in light of an initial tip, and an officer is entitled to rely on his experience regarding conduct consistent with criminal activity when judging the existence of probable cause. See Illinois v. Gates, 462 U.S. 213, 232, 245 n.13 (1983); United States v. Robinson, 275 F.3d 371, 381 (4th Cir. 2001). When

5

these investigative observations are considered in conjunction with the informant's tip, it is clear that the facts here provide much more corroborating information than those we considered in Wilhelm, and we cannot say that reliance on the warrant was objectively unreasonable.  Cf. Perez, 393 F.3d at 462-63.

Accordingly, we affirm the district court's denial of Brown's motion to suppress.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED